IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

B.K., a minor, by and through his parents
and next friends, HENRY and DORA KING,

      Plaintiffs,

vs.                                     No. CIV 08-0249 RB/WDS

THE AZTEC MUNICIPAL PUBLIC SCHOOLS,
THE SCHOOL BOARD OF THE AZTEC PUBLIC
SCHOOLS, DR. LINDA PAUL, in her official capacity
as Superintendent of the Aztec Municipal Public
Schools, and MR. BRAD CALVERT, in his official
capacity as Director of Special Education of the
Aztec Municipal Public Schools,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on F.D. Moeller, Esq.'s Motion to Withdraw as Counsel for Plaintiffs, filed June 29, 2009. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered Mr. Moeller's submission, relevant law, and being otherwise fully advised, Mr. Moeller's Motion to Withdraw as Counsel for Plaintiffs is **DENIED WITHOUT PREJUDICE**.

**I.**     **Legal Standards.**

Local Rule 83.9 sets forth the procedural requirements for an attorney to withdraw from a civil action. It provides, in pertinent part:

> (a) Unopposed Motion to Withdraw. The motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and:
> - notice of appointment of substitute attorney; or
> - a statement of the client's intention to appear *pro se* and the clients address and telephone number.
>
> (b) Contested Motion to Withdraw. The attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) calendar days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion.

D.N.M.LR-Civ. 83.9(a)-(b).

**II.     Discussion.**

Mr. Moeller's Motion to Withdraw as Counsel for Plaintiffs does not comply with the Local Rules of Civil Procedure and, therefore, is procedurally defective. *See Id.*  Indeed, there is no indication in his motion that Mr. Moeller has even attempted to notify his clients of his intention to withdraw as counsel.  Thus, Mr. Moeller's Motion to Withdraw as Counsel for Plaintiffs must be denied without prejudice.

If Mr. Moeller decides to renew his motion to withdraw, he is instructed to comply with the requirement of the Local Rules of Civil Procedure.  Moreover, if he cannot obtain his clients' consent, he is instructed to set forth a more detailed explanation of his need to withdraw as counsel, supplementing his explanation with a copy of his attorney-client agreement with the Kings.  Finally, Mr. Moeller is reminded that, unless and until he receives permission from the Court to withdraw as counsel, he will remain the Kings' advocate in this matter, retaining the ethical obligation to represent his clients with reasonable diligence and promptness.

**WHEREFORE,**

**IT IS ORDERED** that Mr. Moeller's Motion to Withdraw as Counsel for Plaintiffs is **DENIED WITHOUT PREJUDICE**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**