IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

B.K., a minor, by and through his parents
and next friends, HENRY and DORA KING,

      Plaintiffs,

vs.                                           No. CIV 08-0249 RB/WDS

THE AZTEC MUNICIPAL PUBLIC SCHOOLS,
THE SCHOOL BOARD OF THE AZTEC PUBLIC
SCHOOLS, DR. LINDA PAUL, in her official capacity
as Superintendent of the Aztec Municipal Public
Schools, and MR. BRAD CALVERT, in his official
capacity as Director of Special Education of the
Aztec Municipal Public Schools,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** came before the Court sua sponte. Plaintiffs failed to respond to Defendants' motion for partial summary judgment and subsequent motion to reconsider. Plaintiffs' counsel failed to consult with opposing counsel concerning his motion to withdraw, yet he erroneously noted that opposing counsel had concurred with the motion. At a July 1, 2009 show cause hearing, United States Magistrate Judge W. Daniel Schneider directed Plaintiffs' counsel to re-file his motion to withdraw in accordance with all applicable rules. Plaintiffs' counsel has not re-filed the motion to withdraw.

The district court may dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with these [procedural] rules or a court order." Fed.R.Civ.P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Dismissals pursuant to Rule 41(b) may be made with or without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007).

Dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort. *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988). With that general rule

in mind, the Tenth Circuit has identified five factors that the district court should consider before imposing the ultimate sanction of dismissal:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted).

It bears underscoring that: "The intent is to impose the sanction where the fault lies . . . . If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *In re Baker*, 744 F.2d 1438, 1440, 1442 (10th Cir. 1984) (en banc).  Significantly, the purpose of the first three *Ehrenhaus* factors is to help the court determine whether the lawyer or the client is at fault and, accordingly, where "the impact of the sanction [should] be lodged." *Ocelot Oil Corporation v. Sparrow Industries*, 847 F.2d 1458, 1465 (10th Cir. 1988).

Plaintiffs are hereby ordered to show cause why this action should not be dismissed by filing a brief which addresses the *Ehrenhaus* factors by August 14, 2009.  Defendants may respond thereto by August 28, 2009.  Plaintiffs are hereby warned that dismissal of this action with prejudice is a likely sanction if they fail to comply with this order to show cause in a timely way.  **ANY FUTURE NONCOMPLIANCE WITH COURT RULES AND ORDERS WILL LIKELY RESULT IN DISMISSAL OF THIS ACTION WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**

**UNITED STATES DISTRICT JUDGE**